Samuels, J.
Ansalom Brock, his four sisters and
his two nieces, (the children of a deceased brother,) were the heirs at law of Joseph Brock deceased. They derived by descent from their ancestor a tract of land lying in Lee county, containing five thousand acres, which was never divided amongst the heirs. Ansalom Brock, by an agreement in writing, contracted to sell and convey to the appellants a portion of this tract of land, contained within certain boundaries specified in the agreement, for the price of sixteen hundred dollars. The agreement states that Brock had the authority of James Taliaferro and Susan his wife, (she being one of the heirs of Joseph Brock,) to make the sale. He bound himself to procure for the *212 appellants a good and lawful title to the land embraced within the limits designated; seven hundred and thirty-four dollars and fifty-four cents of the price was paid down, and bonds taken for the residue, upon which bonds suits were subsequently brought and judgments obtained. Brock made a deed to the appellants, the legal operation of which is to convey to them Brock’s undivided interest in the land embraced by the agreement ; but does not convey his interest in the portion not embraced. Taliaferro and wife made a deed conveying their interest in the whole tract of five thousand acres. The holders of the other four shares refused to ratify the sale made by Brock; and after-wards by a separate contract sold and conveyed their interests in the whole five thousand acres for the sum of fourteen hundred dollars. They refused to sell less than their whole interest in the whole tract.
Not having obtained at the hands of Brock, or by his agency, the property bought, a bill was presented to a judge of the General court, stating in substance the facts herein detailed, and praying an injunction to the judgments above mentioned, and for specific and general relief. The injunction prayed for was denied by the judge of the General court; whereupon the bill was presented to a judge of the Court of appeals, by whom also the injunction was denied. It was then presented to another judge of the Court of appeals, by whom the injunction was awarded.
Ansalom Brock filed an answer, in which he insisted that it was not in the power of a judge of the Court of appeals to award the injunction after it had been denied by another judge of the court. The answer in substance acknowledged the facts alleged in the bill; but insisted on a legal construction thereof different from that of the appellants.
The court below at April term 1848 dissolved the injunction as improvidently awarded. The order of *213 the court does not show explicitly whether this dissolution was because of a supposed want of power in the judge who awarded the injunction, so to award it, ■ or whether the equity of the bill did not, in the opinion of the Circuit court, warrant the injunction.
Whether the injunction was dissolved for the one reason or the other, I am of opinion the court below erred. It cannot be supposed that the legislature intended by the statute, Supp. Rev. Code, p. 152-3, § 44, to withhold all relief by injunction in case a judge of the Circuit court shall deny it and one judge of the Court of appeals concurs therein. The whole scope and policy of the law seems to be, to give to parties the right to have the judgment of the court in matters of sufficient amount to give jurisdiction. It would be inconsistent with this policy, if a judge of the Circuit court and one judge of the Court of appeals should have power to deny definitively an injunction prayed for. Under some circumstances such denial would be equivalent to a final disposition of the whole subject, and a denial of all relief. We are .not left however to speculate about the meaning of the statute; its terms are too plain to afford any cause of doubt. After the circuit judge refused the injunction, “the judges of the Court of appeals or any one of them,” had authority to award it, in case he or they should be of opinion the circuit judge had erred in his refusal.
Upon the other question, it seems that as to two-thirds of the property sold by Brock to complainants, he failed to procure the title according to his contract ; and although the title was obtained by another contract with the holders thereof, still complainants very probably sustained damage by Brock’s breach of contract: The injunction should therefore not have been dissolved unless upon investigation it had appeared that no damage was sustained.
I am of opinion to reverse the decree and reinstate the injunction.
*214 The other judges concurred in the opinion of Samuels, J.
The decree was as follows:
It seems to the court here, that the judge who awarded the injunction herein had authority to act on the subject, and that the award thereof was a proper exercise of his authority. That inasmuch as the title to two-thirds of the land sold by Ansalom Brock to the appellants, were not conveyed to them by him or by his agency, although his contract bound him to procure a conveyance, and as the judgments enjoined were for a portion of the price of the property sold, it would have been proper to retain the injunction until it could be ascertained whether any, and if any, what abatement should be made from the price. It is therefore adjudged, ordered and decreed, that the decree of the court below, dissolving the injunction, be reversed and annulled, and the injunction reinstated ; that the appellee pay to the appellants their costs by them expended in the prosecution of their appeal here: And the cause is remanded for further proceedings to be had according to the principles of this decree, and for a final hearing.